"The mere exhibition of a sample at the sale amounts only to a representation that the sample exhibited has been taken from the bulk of the commodity offered for sale in the usual way." Hargous v. Stone, 5 N. Y. 73; Beirne v. Dord, 5 N. Y. 99, 55 Am. Dec. 321. To authorize the finding that a sale was by sample, "the evidence must satisfactorily show that the parties contracted solely in reference to the sample exhibited; that they mutually understood that they were dealing with the sample as an agreement or understanding that the bulk of the commodity corresponded with it; or, in other words, the evidence must be such as to authorize the jury, under all the circumstances of the case, to find that the sale was intended by the parties as a sale by sample." Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617. In this case, defendants did not retain the alleged sample, nor is there even proof that the goods delivered did not correspond with the sample. There being no evidence either of an express warranty or a sale by sample, and this not being a case where upon the facts proved the law implies a warranty, the judgment in favor of the defendants upon their counterclaim must be reversed, and a new trial ordered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(52 Misc. 16)

### MARRIETTA v. CLEVELAND, C., C. & ST. L. RY. CO.

(Supreme Court, Special Term, New York County. November, 1906.)

**1. PLEADING—ADOPTION OF ALLEGATIONS IN OTHER COUNTS.**

The allegation in the second cause of action in a complaint that "the plaintiff repeats, reiterates, and alleges each and every allegation contained in paragraphs first and second of the complaint with the same force and effect as if here set forth in full," incorporates in the second cause of action the allegations so referred to.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 118.]

**2. SAME—ALLEGATIONS REFERABLE TO SINGLE CAUSE OF ACTION.**

Where the complaint separately sets up three causes of action, the first for services performed by C. and his agents and servants, the second for breach of contract with C., and the third for services performed by C. as boss, the allegation incorporated in the third cause of action that "C. * * * assigned * * * to this plaintiff said claim and cause of action and money due or to become due thereunder, and that said plaintiff is now the owner thereof," cannot be held to apply to the first two causes of action.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 112, 113, 118.]

Action by Nicholas Marietta against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. Defendant demurs to the first and second causes of action in the complaint. Demurrer sustained.

Rumsey, Sheppard & Ingalls (John S. Sheppard, Jr., for Russel R. Vaughn, of counsel), for the demurrer.

Albert R. Genet (C. B. Palmer, of counsel), opposed.

GIEGERICH, J.   The complaint separately sets up three causes of action—the first being for work, labor, and services performed by one Easter Cione, and his agents and servants, in and about the defendant's property; the second for breach of contract on the part of the defendant in refusing to set 29 other of Cione's men to work on the defendant's property, as it agreed to do; and the third for services rendered by said Cione for the defendant as boss of Italian laborers.   The defendant demurs to the first and second separate causes of action for insufficiency, and argues, in support of the demurrer, that the allegations with respect to the same are incomplete.   The second cause of action states, however, that:

"The plaintiff repeats, reiterates, and alleges each and every allegation contained in paragraphs first and second of the complaint with the same force and effect as if here set forth in full."

The allegations so referred to are thus properly incorporated in the second cause of action, and they must be construed in connection with the allegations relating to that cause of action.   Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 328, 4 N. E. 522; Abbott's Trial Brief on Pleadings (2d Ed.) p. 33, subd. 5, and cases there cited.   The complaint with respect to the said causes of action would therefore be complete if an assignment of the same by Cione to the plaintiff were alleged.   The plaintiff's counsel argues that such allegation is contained in the ninth paragraph of the complaint, and that the same has no exclusive connection with the third cause of action, as distinguished from the first and second causes of action.   But a reading of the complaint shows that such allegation is incorporated in the third cause of action, which, after alleging the rendition of services by Cione for the defendant as boss of Italian laborers, and the reasonable value thereof, states:

"That * * * the said Easter Cione, for a valuable consideration, assigned, transferred, and set over unto this plaintiff said claim and cause of action and money due or to become due thereunder, and that said plaintiff is now the owner thereof."

It cannot, therefore, be fairly held that the foregoing averments apply to the other two causes of action, which, as seen, are separately stated and numbered and relate to different matters, and different evidence will be required to establish each.   Abbott's Trial Brief on Pleadings, p. 36, subd. 6.

The demurrer is therefore sustained, with costs, and with leave to the plaintiff to amend within 20 days upon payment of such costs.